GOLDBERGER v. KAUFMAN.

(Supreme Court, Appellate Term.   June 21, 1912.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—VERDICT—CONFLICTING EVIDENCE.
    A verdict on conflicting evidence will not be disturbed on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—BURDEN OF PROOF.
    In an action for rent, defended on the ground of a partial eviction of the premises, the burden of showing a subsequent restoration of possession was on plaintiff.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

3. LANDLORD AND TENANT (§ 190*)—RENT—PARTIAL EVICTION.
    An actual partial eviction suspends the rent only during the continuance of the eviction, and upon the termination thereof the rent revives.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765–769; Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Kalman Goldberger against Lipa Kaufman. From a judgment of the Municipal Court of the City of New York in favor of plaintiff, defendant appeals. Affirmed.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Jacob M. Liebner, of New York City, for appellant.
Philip J. Dunn, of New York City, for respondent.

SEABURY, J. Plaintiff has recovered a judgment for rent alleged to be due from the defendant from February 6, 1912, to the end of that month. On February 6th the plaintiff, as landlord, commenced summary proceedings against this defendant, as tenant. In that proceeding, the tenant pleaded an actual partial eviction, and the jury rendered a verdict in favor of the tenant, and a final order was entered thereon.

In the present action, the defendant pleaded that final order as a bar. The plaintiff gave evidence to show that he had remedied the

conditions which the defendant claimed constituted a partial eviction on February 6th, and that he had restored the possession of the premises to the defendant. The defendant offered evidence to show that he was still deprived of a part of the demised premises. The court left the issue raised by this conflicting testimony to the jury, who found in favor of the plaintiff. From the judgment entered upon that verdict, the defendant appeals to this court.

[1] Defendant claims that the final order rendered in the summary proceedings precludes the plaintiff from recovering rent for any part of the month of February, 1912. The issue as to whether there had been a restoration of that part of the premises from which the defendant had been evicted was fairly tried, and there is no reason why we should disturb the verdict of the jury.

[2] The learned court below correctly charged the jury that the burden of showing a subsequent restoration of possession was upon the plaintiff.

[3] An actual partial eviction only suspends the rent during the continuance of the eviction. Upon the termination of the partial eviction, the rent revives. 2 McAdam on Landlord and Tenant, p. 1436, § 419.

It follows that the judgment was properly rendered for the plaintiff. Judgment affirmed, with costs. All concur.